UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL STANTON, JR., | |
| Petitioner, | |
| v. | CAUSE NO. 3:24-CV-382-GSL-JEM |
| WARDEN, | |
| Respondent. | |

## OPINION AND ORDER

Daniel Stanton, Jr., a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (WCC-23-9-1982) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of battery against staff in violation of Indiana Department of Correction Offense 117. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Stanton argues that he is entitled to habeas relief because the administrative record lacked sufficient evidence to support the finding of guilt.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional sergeant represented that Stanton physically resisted and became combative with staff as they escorted him to a new dormitory and that Stanton injured Sergeant Thorpe's hand. ECF 6-1. It also includes photographs of Sergeant Thorpe's hand, though the court is unable to perceive any obvious injury in them. ECF 8. Though the evidence in the administrative record is relatively meager, it nevertheless constitutes some evidence that Stanton battered a staff member. Stanton contends that a conduct report alone is insufficient to demonstrate his guilt at a disciplinary hearing, but the Seventh Circuit Court of Appeals has held to the contrary. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision."). Therefore, this claim is not a basis for habeas relief.

Stanton argues that he is entitled to habeas relief because correctional staff held the hearing in his absence without affording him the opportunity to attend. The Warden responds that Stanton participated in the hearing. In support of this response, the Warden produced the hearing report in which Stanton purported to have said, "I didn't do it," and a statement from the hearing officer consistent with the hearing report. ECF 6-4; ECF 6-9. On this basis, the court finds that the record is disputed as to whether Stanton attended the hearing.

Nevertheless, the administrative record indicates that the denial of a hearing amounts to harmless error. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same). Review of Stanton's arguments on habeas review and

administrative appeal show that, if Stanton had attended the hearing, he would have denied the disciplinary charge and pointed to certain types of evidence that were absent from the administrative record. ECF 1. ECF 6-5. However, the hearing officer accounted for Stanton's denial in the hearing report, and the hearing report further reflects the hearing officer's awareness of what was or was not in the administrative record. ECF 6-4. Nor is there any indication that Stanton's presence at the hearing would have affected the sanctions. According to the hearing report, the hearing officer issued sanctions based solely on the seriousness of the offense under the assumption that Stanton was present at the hearing. *Id.* Therefore, this claim is not a basis for habeas relief.

Because Stanton has not asserted a valid claim for habeas relief, the habeas petition is denied. If Stanton wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Daniel Stanton, Jr., leave to proceed in forma pauperis on appeal.

SO ORDERED on October 9, 2024

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT